IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DANIEL WILLIAMS,

    Plaintiff,

v.                                           CASE NO. 1:04-cv-00065-MP-AK

JO ANNE B. BARNHART,
Commissioner of the Social
Security Administration,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 14, Report and Recommendations of the Magistrate Judge, recommending that the decision of the Commissioner denying benefits to Plaintiff be reversed, and this cause be remanded for additional proceedings, with instructions that the Administrative Law Judge (ALJ) specifically adhere to the directives of the Appeals Council Order previously remanding the cause.  The Magistrate Judge filed the Report and Recommendation Wednesday, August 31, 2005.  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections.  The Defendant has objected to the Magistrate's findings, Doc. 16, to which the Plaintiff has filed a response, Doc. 17.  Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

Having considered the Report and Recommendation and lack of objections thereto timely filed, I have determined that the Report and Recommendation should be adopted.  In her objection to the Magistrate's Report and Recommendation, the Defendant claims that the ALJ's failure on remand to adhere to the precise directives of the Appeals Council constitutes harmless

error, and thus is not proper grounds for this Court to reverse the ALJ's decision. However, 20 C.F.R. § 416.1477(b) states that on remand, "[t]he administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 416.1477(b) (2005). In its remand order, the Appeals Council expressly stated that the ALJ was to "obtain evidence from a medical expert, if possible in psychiatry, in order to clarify the nature and severity of the [plaintiff's mental] impairment ." The ALJ failed to comply with this directive. As the Appeals Council found that such evidence was necessary in order for the ALJ to properly adjudicate Plaintiff's claim, the ALJ's failure to do so cannot be deemed harmless error such as to preclude remand. See Brown v. Shalala, 44 F.3d 931, 936 (11th Cir. 1995) ("We have no way of knowing whether the evidence missing from this case would sustain [Plaintiff's] contentions.... In the absence of proof to the contrary, however, we must assume that it does lend credence to [his] allegations.")

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The decision of the Commissioner denying benefits to Plaintiff is REVERSED, and this cause is remanded for additional proceedings with specific directions that the ALJ adhere to the directives of the Appeals Council Order remanding the cause (See R. 171).

**DONE AND ORDERED** this  *27th* day of September, 2005

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge

*Case No: 1:04-cv-00065-MP-AK*